# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION AT MEMPHIS

**MICHAEL E. DICKERSON,**

    **Plaintiff,**

**v.**                                                           **No.** _____

**ISS FACILITY SERVICES, INC.,**            **JURY DEMANDED**

    **Defendant.**

## COMPLAINT FOR DAMAGES

**COMES NOW** your Plaintiff, Michael E. Dickerson, by and through counsel, pursuant to the Federal Rules of Civil Procedure, files this Complaint against Defendant, ISS Facility Services, Inc., for personal injuries and damages and would respectfully state unto this Honorable Court the following, to wit:

**I.**

**PREVIOUS VOLUNTARY DISMISSAL**

1. On June 15, 2022, Plaintiff in Docket No. 2:19-cv-02589-SHL-cge filed an *Unopposed Motion for Voluntary Dismissal Without Prejudice* [D.E. 91].

2. On June 15, 2022, an *Order Granting Plaintiff's Motion for Voluntary Dismissal Without Prejudice with Conditions* was entered under Docket No. 2:19-cv-02589-SHL-cge. [D.E. 94].

3. The aforementioned Order did not conclude the Plaintiff's right of action pursuant to *Tenn. Code. Ann. § 28-1-105(a)*.

4. On June 24, 2015, a *Judgment* was entered voluntarily dismissing the Plaintiff, Michael E. Dickerson's cause of action without prejudice filed under Docket No. 2:19-cv-02589-SHL-cge [D.E. 95].

5. Plaintiff is refiling this lawsuit pursuant to Tennessee's savings statute, *Tenn. Code Ann.* § 28-1-105(a) within one year of the voluntary dismissal.

## II.

### JURISDICTION, VENUE, AND SERVICE OF PROCESS

6. Plaintiff, Michael E. Dickerson, respectfully alleges that he is an adult, resident citizen of Hernando, Desoto County, Mississippi.

7. Upon information and belief, Plaintiff alleges that ISS Facility Services, Inc. [hereinafter "ISS"] is a Texas corporation doing business in the state of Tennessee whose principal address is 1017 Central Parkway N., San Antonio, TX 78232, and may be served with process through its registered agent, CT Corporation System, 300 Montvue Road, Knoxville, TN 37919.

8. This Court has subject matter jurisdiction for this matter pursuant to 28 U.S.C. § 1332(a)(1) because complete diversity exists between Plaintiff and ISS and the amount in controversy exceeds $75,000.00.

9. Venue is proper within this District Court pursuant to 28 U.S.C. §1391(b)(3) because a substantial part of the events or omissions giving rise to the claims asserted in this action, including Defendants' misconduct and omissions, occurred in the judicial district where this action is brought.

10. Plaintiff alleges that this cause of action arises in tort out of personal injuries incurred as the result of an incident which occurred in Memphis, Shelby County, Tennessee on or about July 25, 2018. Therefore, jurisdiction and venue are proper before this Honorable Court.

# III.

## FACTUAL ALLEGATIONS

11. Plaintiff alleges that on July 25, 2018 at approximately 9:30 a.m., Plaintiff, Michael E. Dickerson, was working in Building B at the Smith & Nephew, Inc. premises located at 1450 E. Brooks Road, Memphis, Tennessee 38116.

12. Plaintiff alleges that Building B is divided into areas called "cells" which is a term used at the Smith & Nephew, Inc. premises to describe an area where a person would be working and where they would have everything needed to perform their job in that local area.

13. Plaintiff alleges that within the cells are machines that have designated asset numbers for identification purposes.

14. Plaintiff alleges upon information and belief that at all times pertinent hereto, Defendant, ISS, was contracted and/or hired to provide on-site janitorial and cleaning services to Smith & Nephew, Inc., including, but not limited to, floor cleaning services, at the Smith & Nephew, Inc. premises located at 1450 E. Brooks Road, Memphis, Tennessee 38116.

15. Plaintiff alleges that on or about July 25, 2018, prior to the Plaintiff falling that is the subject of this lawsuit, an employee, agent and/or servant of ISS mopped an area of the cell located between assets 2814 and 2741 in Building B at the premises of Smith & Nephew, Inc., 1450 E. Brooks Road, Memphis, Tennessee 38116.

16. Plaintiff further alleges that at all pertinent times hereto, said employee, agent and/or servant of ISS was acting within the course and scope of her employment with ISS. and was on or about the business of ISS.

17. Plaintiff further alleges upon information and belief that said employee of ISS, before completing the mopping of the area of the cell, left the area where she was mopping to replace and/or clean the mop head and replace the water she was using to mop the floor.

18. Plaintiff also alleges upon information and belief that said employee of ISS had been mopping this area with dirty water which had oil in it.

19. Plaintiff further alleges that said employee of ISS did not place a warning sign advising of the wet and slippery condition of the floor at the employee's starting point where the employee began her mopping of the subject cell and made no attempts to block off or otherwise prevent persons from walking over the wet and slippery floor.

20. Plaintiff alleges that said employee of ISS did place one wet floor [hereinafter referred to as "back cell wet floor sign"] sign up against an exit door on the back side of the cell.

21. The Plaintiff, Michael Dickerson could not have observed the back cell wet floor sign as he walked between assets 2814 and 2741 in Building B of Smith and Nephew.

22. Plaintiff alleges that ISS procedures and protocols dictate that employees restrict access to areas where wet cleaning is taking place with barriers and signage. (*See* Exhibit A - Safety Spotlight).

23. Plaintiff alleges that ISS employees are trained to put down wet floor signs before they begin mopping the floor. (Exhibit B - Deposition of Rene Bartlett, pg. 26, lines16-18.)

24. Plaintiff alleges that ISS procedures and protocols dictate that wet floor sign(s) should be placed at the starting point of where mopping begins, alerting everyone that the floor after the sign is going to be wet. (Id. at pg. 27, lines 12-14.)

25. Plaintiff alleges that ISS procedures and protocols dictate that wet floor sign(s) should be placed at every point of entry. (Id. at lines 20-22.)

26. Plaintiff alleges that ISS procedures and protocols dictate that wet floor sign(s) should be placed at walkways leading from hallways/aisles. (Id. at lines 16-20.)

27. Plaintiff alleges that ISS procedures and protocols dictate that wet floor sign(s) should be spaced out every twenty-five (25) feet. (Id. at line 15.)

28. Plaintiff alleges that ISS employs the use of safety cones, safety barriers, and caution tape in certain situations. (Id. at pg. 28, lines 6-11.)

29. Plaintiff alleges that ISS procedures and protocols dictate employing the use of only wet floor signs when cleaning flooring in a machine manufacturing facility where there is consistently oil and other debris on the floor. (Id. at pg. 29, lines 9-16.)

30. Plaintiff alleges that on July 25, 2018, at approximately 9:30 a.m., Plaintiff, Michael E. Dickerson, while working in a cell located in Building B at the Smith & Nephew, Inc. premises, entered into an area located between assets 2814 and 2741 to reach the spinner station located between the two aforementioned assets.

31. Plaintiff alleges that the area between asset 2814 and the spinner station is approximately ten (10) feet wide.

32. Plaintiff alleges that assets 2814 and 2741 are approximately nineteen (19) feet long each.

33. Plaintiff alleges that as he walked through the area located between assets 2814 and 2741 towards the spinner station, he slipped on the freshly mopped floor causing him to fall to the floor of his cell.

34. Plaintiff alleges that the area Plaintiff walked from on the way to the spinner station was a point of entry.

35. Plaintiff alleges that pursuant to ISS procedures and policies, there should be more than one wet floor sign being used at the time Plaintiff slipped and fell in the water left behind by the ISS employee. (Deposition of Rene Bartlett, pg. 36, lines 19-25.)

36. Plaintiff alleges that pursuant to ISS procedures and policies, there should have been a wet floor sign in the area Plaintiff entered before the area that had been mopped. (Id. at pg. 36, lines 19-25; pg. 37 lines 1-7.)

37. Plaintiff further alleges that defendant, ISS, had a duty to clean and/or mop the subject floor in a reasonably safe manner and condition and to maintain the area in which it was working and cleaning in a reasonably safe condition, which it failed to do.

38. Further, said ISS had a duty to warn Plaintiff, Michael E. Dickerson, of the existence of the freshly mopped floor.

39. Further, said ISS had a duty to warn the Plaintiff, Michael E. Dickerson, of the existence of the freshly mopped floor consistent with its policies and procedures for the placement of wet floor signs.

40. Plaintiff alleges that the subject employee mopping the floor in Building B at the Smith & Nephew, Inc. premises between assets 2814 and 2741 on June 25, 2018, at approximately 9:30 a.m. was in the course and scope of her employment with ISS.

41. Plaintiff alleges that the subject employee mopping the floor in Building B at the Smith & Nephew, Inc. premises between assets 2814 and 2741 on June 25, 2018, at approximately 9:30 a.m. was being paid by ISS to mop said floor.

42. ISS is vicariously liable for any and all negligent acts and/or omissions (as determined by a jury) of its employee that was mopping the floor in Building B at the Smith & Nephew, Inc. premises between assets 2814 and 2741 on June 25, 2018 at approximately 9:30 a.m.

43. Pursuant to the Tennessee common law doctrines of agency and *respondeat superior*, ISS is vicariously liable for any and all negligent acts and/or omissions (as determined by a jury) of its employee that was mopping the cell floor in Building B at the Smith & Nephew, Inc. premises between assets 2814 and 2741 on June 25, 2018, at approximately 9:30 a.m.

44. Plaintiff alleges that the subject employee mopping the cell floor in Building B at the Smith & Nephew, Inc. premises between assets 2814 and 2741 on June 25, 2018 at approximately 9:30 a.m. was named "Betty Jean Rudd".

45. Plaintiff would allege that on June 25, 2018, Betty Jean Rudd was assigned to mop, among other duties, the floors of Building B at the Smith & Nephew, Inc. premises.

46. Plaintiff would allege that on June 25, 2018, Betty Jean Rudd was assigned to mop, among other duties, the cell floor that Plaintiff was working in in Building B at the Smith & Nephew, Inc. premises.

47. Pursuant to the Tennessee common law doctrines of agency and *respondeat superior*, ISS is vicariously liable for any and all negligent acts and/or omissions (as determined by a jury) of Betty Jean Rudd that was mopping the cell floor in Building B at the Smith & Nephew, Inc. premises between assets 2814 and 2741 on June 25, 2018, at approximately 9:30 a.m.

48. Prior to the fall on June 25, 2018, an ISS co-worker, Carlos Gilmore, testified under oath that on one or two occasions he heard complaints about the quality of the work of ISS employee, Betty Jean Rudd. (Exhibit C - Deposition of Carlos Gilmore, pg. 28, lines 7-9).

49. Plaintiff alleges that as a direct and proximate result of the negligent actions and omissions of Defendant, ISS' employee and/or Betty Jean Rudd and the vicarious liability of ISS he was caused to suffer severe and permanent injuries and damages as hereinafter set forth.

# IV.

## **NEGLIGENT ACTS AND/OR OMISSIONS**

50. Plaintiff alleges that ISS' employee and/or Betty Jean Rudd was guilty of the following acts of common law negligence which are imputed to ISS under the Tennessee common law doctrines of *respondeat superior* and agency creating vicarious liability for ISS which were a direct and proximate cause of Plaintiff's injuries and resulting damages:

   a. In negligently and carelessly failing to maintain the premises in a reasonably safe condition;

   b. In creating a dangerous condition and failing to warn the Plaintiff of the dangerous condition;

   c. In creating a dangerous condition and failing to warn the Plaintiff of the dangerous condition when the ISS employee and/or Betty Jean Rudd knew or should have known that Smith & Nephew employees would be walking over the freshly mopped area of the floor

   d. In negligently and carelessly failing to warn the Plaintiff on July 25, 2018, of the dangerous condition that existed in his cell at the time;

   e. In failing to properly mop and/or clean the floor so as to not cause an unreasonable risk of harm to persons, including the Plaintiff who would walk in that area;

   f. In failing to place warning signs at appropriate locations to warn of the freshly mopped floor in Building B in the Plaintiff's work cell between assets 2814 and 2741 on June 25, 2018 at approximately 9:30 a.m.

   g. In failing to place barriers at the appropriate location to prevent the Plaintiff from walking on the freshly mopped floor in Building B in the Plaintiff's work cell between assets 2814 and 2741 on June 25, 2018 at approximately 9:30 a.m.

   h. In failing to follow ISS' procedures and policies regarding the use of wet floor signs and barriers when mopping the work floor of Building B in the plaintiff's work cell between assets 2814 and 2741 on June 25, 2018 at approximately 9:30 a.m.

51. Plaintiff charges and avers that as a direct and proximate result of one, some or all

of the aforesaid acts of negligence and/or omissions in tort by the ISS employee and/or Betty Jean Rudd which are imputed to ISS creating vicarious liability to ISS, Plaintiff was caused to suffer and incur permanent injuries and resulting damages to be hereinafter set out with more particularity below.

52. Plaintiff alleges that ISS was guilty of the following acts of common law negligence which were a direct and proximate cause of Plaintiff's injuries and resulting damages:

    a. In failing to properly train and/or supervise its employee and/or Betty Jean Rudd as to the proper procedures for cleaning a cell floor in between assets 2814 and 2741 floor in Building B;

    b. In failing to properly train and/or supervise its employee and/or Betty Jean Rudd as to the proper use and placement of warnings to be given for freshly mopped floors;

    c. In failing to properly train and/or supervise its employee and/or Betty Jean Rudd as to the proper use and placement of barriers to prevent workers from walking on freshly mopped floors;

    d. In failing to properly supervise its employees and/or agents.

    e. In negligently and carelessly failing to take the necessary steps to correct a dangerous situation when the defendant knew, or in the exercise of reasonable care and diligence should have known that the unreasonably dangerous condition existed; and

    f. In negligently and carelessly failing to take the necessary steps to assure the safety of the Plaintiff and other workers when the defendants knew, or in the exercise of reasonable care, should have known that an injury was imminent.

53. Plaintiff charges and avers that as a direct and proximate result of one, some or all of the aforesaid acts of negligence and/or omissions in tort by the ISS employee and/or Betty Jean Rudd and ISS, Plaintiff was caused to suffer and incur permanent injuries and resulting damages to be hereinafter set out with more particularity below.

## V.

## **INJURIES AND DAMAGES**

54. Plaintiff, Michael E. Dickerson, alleges that as a direct and proximate result of the herein above-described negligent acts and omissions by Defendant's employee and/or Betty Jean Rudd and Defendant, he sustained multiple, serious, and disabling injuries to his body as a whole, including but not limited to, a C-5/6 and C-4/5 ruptured disc requiring anterior cervical discectomy and fusion surgery, a torn rotator cuff requiring surgical repair, and a right biceps tendon tear, permanent impairment and disability, scarring and disfigurement and garden variety mental anguish but no permanent mental injury.

55. Plaintiff, Michael E. Dickerson, alleges that as a direct and proximate result of the hereinabove described negligence of the Defendants, he has sustained temporary and permanent disability.

56. Plaintiff, Michael E. Dickerson, further alleges that he has endured pain and suffering and will continue to endure pain and suffering due to his injuries arising out of the subject crash.

57. Plaintiff, Michael E. Dickerson, alleges that he has incurred reasonable and necessary medical, hospital, pharmacy, and related expenses in order to alleviate his pain and suffering and verily believes that he will incur said expenses in the future.

58. Plaintiff, Michael E. Dickerson, further alleges that he has sustained a loss of quality and enjoyment of the normal pleasures of life as a result of the subject incident, past, present, and future. Plaintiff alleges that he has sustained garden variety temporary mental anguish as a result of the subject wreck but has not sustained any type of permanent mental anguish.

59. Plaintiff, Michael E. Dickerson, alleges that as a direct and proximate result of the

hereinabove described negligent acts of Defendants, he sustained loss of earnings, past, present, and future.

## VI.

## **RELIEF SOUGHT**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Michael E. Dickerson, respectfully sues the Defendant, ISS Facility Services, Inc., for a fair and reasonable amount, not to exceed the sum of **FOUR MILLION DOLLARS AND 00/100 (4,000,000.00)** in damages, actual and compensatory.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Michael E. Dickerson, respectfully prays for damages as they may appear on the trial of this cause, reserving the right to amend this pleading to conform to the facts as they may develop, for costs, and for all other general relief justified by the facts under the law or in equity.

Respectfully submitted,

  /s/ Glenn K. Vines, Jr.
Glenn K. Vines, Jr. (BPR #19637)
Shelby M. Patrick (BPR #036151)
NAHON, SAHAROVICH & TROTZ PLC
Attorneys for Plaintiff
488 South Mendenhall Road
Memphis, Tennessee 38117
Phone: (901) 462-3338
Fax:  (901) 746-1514
E-mail: gvines@nstlaw.com
E-mail: spatrick@nstlaw.com

**PLAINTIFF RESPECTFULLY REQUESTS A TRIAL
BY JURY AS TO ALL COUNTS HEREIN.**